```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

WASHONDA HOWARD-HUNT,            *
                                 *
    Plaintiff,                   *
                                 *
vs.                              *  CIVIL ACTION NO. 22-00320-CG-B
                                 *
CENTURY IMPORT AUTOMOTIVE,       *
INC.,                            *
                                 *
    Defendant.                   *

## ORDER

Plaintiff Washonda Howard-Hunt filed a *pro se* complaint and a motion to proceed without prepayment of fees[1] (Docs. 1, 2), which were referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

A review of Howard-Hunt's complaint[2] reflects that she has named Century Import Automotive, Inc. of Mobile, Alabama as the sole Defendant in this action. (Doc. 1 at 1). As grounds for jurisdiction, Howard-Hunt states: "Personal Injury – Misrepresentation." (Id.). Howard-Hunt asserts that "Ray at

---

[1] The Court postpones its consideration of Howard-Hunt's motion to proceed without prepayment of fees (Doc. 2) until the deficiencies of the complaint's jurisdictional allegations are satisfactorily addressed.

[2] Howard-Hunt appears to utilize the form complaint found in this Court's Pro Se Litigant Handbook. (See Doc. 1).

Century Import Automotive has mislead me."[3] (Id. at 2). She appears to allege that Century Import Automotive delayed releasing the title to her 2005 Pontiac, and as a result, she could not sell the vehicle "because of lack of document" and the "car was towed because of no tag[.]" (Id.). Howard-Hunt states that she received the title on July 1, 2022 and was ultimately able to sell the car, but both she and the person who bought the vehicle "ended up with Covid-19." (Id.). Howard-Hunt requests "$3,000 for the lost and towing of the car." (Id.).

After careful review, the undersigned finds that Howard-Hunt's complaint fails to set forth any valid basis for this Court's subject matter jurisdiction. As the undersigned previously informed Howard-Hunt in an earlier action,[4] federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings."

---

[3] Unless otherwise indicated by brackets, quoted language from the complaint is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

[4] See Hunt v. Social Security Office, No. 1:22-cv-00245-CG-B (S.D. Ala. 2022), ECF No. 3.

Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). A plaintiff properly invokes federal question jurisdiction under § 1331 "when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006); see 28 U.S.C. § 1331. A plaintiff invokes diversity jurisdiction under § 1332(a) "when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Id.; see 28 U.S.C. § 1332(a).

"The plaintiff bears the burden of affirmatively asserting facts that show the existence of jurisdiction and including a short and plain statement of the grounds upon which the court's jurisdiction depends." DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020) (quotation omitted). When a plaintiff fails to allege facts that, if true, show that federal subject matter jurisdiction over her case exists, "district courts are

constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Howard-Hunt's complaint fails to establish either a federal claim or federal question jurisdiction, since it contains no reference to federal law whatsoever, and the claims of "Personal Injury" and "Misrepresentation" sound, if anywhere, in state tort law.[5] Nor does the complaint invoke this Court's diversity jurisdiction, since it contains no indication that the parties are citizens of different states, and the damages being sought, $3,000, are far below the $75,000 jurisdictional threshold.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984).

Accordingly, to the extent she is able to do so, Howard-Hunt is hereby **ORDERED** to file, or before **September 9, 2022,** an amended complaint that states a valid basis for this Court's subject matter

---

[5] The undersigned expresses no opinion herein as to whether Howard-Hunt's allegations might suffice to state a claim for relief under Alabama law.

4

jurisdiction. Howard-Hunt's amended complaint will replace her original complaint. Therefore, the amended complaint shall not reference or seek to incorporate any portion of her prior complaint. See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against her adversary when an amended complaint is filed).

Howard-Hunt is hereby **cautioned** that if she fails to file an amended complaint that sets forth a valid basis for this Court's subject matter jurisdiction within the ordered time, the undersigned will recommend that this action be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

**DONE** this **23rd** day of **August, 2022.**

                                              **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**